092088

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CASE NO.
MAGISTRATE: 3:09cv94/MCR/MD

SEAN S. FERRARA and KAREN
FERRARA,

  Plaintiffs,

v.

UNITED STATES FLAG AND
TOUCH FOOTBALL LEAGUE,

  Defendant.
_____/



## NOTICE OF REMOVAL

To the Honorable Judges of the United States District Court for the Northern District of Florida, Pensacola Division:

COMES NOW the Removing Party, UNITED STATES FLAG AND TOUCH FOOTBALL LEAGUE, by and through their undersigned counsel, respectfully shows this Court:

1. This underlying case was brought by Plaintiffs in the Circuit Court of the 1st Judicial Circuit in and for Escambia County under Case No. 2009 CA 000225. Complete

FLN3-2846
$350.00

copies of all process, pleadings and orders served upon Defendant in that case are attached to this Notice of Removal, pursuant to 28 U.S.C. § 1446(b) as **Composite Exhibit "A,"** and incorporated by reference herein.

2. At all times material hereto, upon information and belief, Plaintiffs were and are citizens and residents of the State of Louisiana.

3. At all times material hereto, UNITED STATES FLAG AND TOUCH FOOTBALL LEAGUE was and is a foreign company organized and existing under the laws of the State of Ohio, with its principal place of business in Ohio. UNITED STATES FLAG AND TOUCH FOOTBALL LEAGUE was and is a citizen of the State of Ohio at all times material to this cause. Complaint ¶ 2.

4. Plaintiffs seek damages against UNITED STATES FLAG AND TOUCH FOOTBALL LEAGUE for alleged negligence, negligent hiring and loss of consortium.

5. In the Complaint, Plaintiff alleges that UNITED STATES FLAG AND TOUCH FOOTBALL LEAGUE failed to exercise reasonable care with players of another team which lead to an illegal hit on Plaintiff.

6. Plaintiff alleges that this illegal hit caused extensive paralysis, pain, disability and mental anguish all of which are permanent in nature.

7. According to Federal case law, if a plaintiff alleges a specific amount of damages in the complaint, then the court will rely upon that amount, unless the defendant can

show with legal certainty that the amount in controversy is more or less than that amount. Burns v. Windsor Ins. Co., 31 F.3d 1092 (11th Cir. 1994). However, if the complaint only contains a general damages clause stating that plaintiff is entitled to damages in excess of $15,000, then the defendant's burden is reduced to a preponderance of the evidence standard. Golden v. Dodge-Markham Co., Inc., 1 F.Supp. 2d 1360 (M.D. Fla. 1998); Williams v. Best Buy Co., Inc., 269 F.3d 1316 (11th Cir. 2001); Allen v. Toyota Motor Sales, USA, Inc., 155 Fed. Appx. 480 (11th Cir. 2005).

8. In deciding this question, the court first looks to the complaint to determine if it is "facially apparent" that the jurisdictional amount is met. If it is not "facially apparent," then the court will look to the removal papers to determine if the facts set forth therein are sufficient to create an inference that the amount in controversy exceeds the jurisdictional requirement. See Bolin ex rel. Bolin v. SmithKline Beecham Corp., 2008 WL 3286973 (S.D. Fla. 2008) (finding allegations that infant born with "severe respiratory distress" and who suffered from "immature lung development and severe respiratory problems," along with a demand for relief for pecuniary loss, loss of consortium, general and medical damages and related expenses, and punitive damages, were enough to show defendants had emt their burden of proof); Eichhorn v. Home Depot USA, Inc., 2007 WL 2774247 (S.D. Fla. 2007) (finding that complaint alleging "bodily injury resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of

hospitalization, medical and nursing care and treatment, and aggrabation of a pre-existing contition" caused by "being struck in the head by a piece of molding being carried in by an employee" were sufficient to satisfy defendant's amount in controversy burden).

9. In the instant case, Plaintiff is alleging that he has suffered extensive paralysis, pain, disability and mental anguish. Furthermore, the complaint alleges that the injuries are permanent in nature and ongoing. Complaint ¶ 21. Accordingly, Plaintiff's claim for damages exceeds the $75,000.00 jurisdictional amount for diversity cases required pursuant to 28 U.S.C. §1332.

10. This action is a suit between citizens of different states in which the amount in controversy exceeds the sum of $75,000.00, exclusive of interest, costs, and attorney's fees, as shown above.

11. Pursuant to 28 U.S.C. §1441 *et seq.*, UNITED STATES FLAG AND TOUCH FOOTBALL LEAGUE is entitled to remove this action because this Honorable Court has original jurisdiction based upon diversity of citizenship, as provided in 28 U.S.C. §1332.

9. Plaintiff's Complaint was served upon UNITED STATES FLAG AND TOUCH FOOTBALL LEAGUE on February 18, 2009. Accordingly, this Notice of Removal was timely filed within thirty (30) days from the date UNITED STATES FLAG AND TOUCH FOOTBALL LEAGUE was served with the Complaint pursuant to 28 U.S.C. §1446(b).

10. Promptly after filing this Notice of Removal, UNITED STATES FLAG AND TOUCH FOOTBALL LEAGUE gave written notice of the filing of this Notice of Removal to Plaintiff.

11. Promptly after filing this Notice of Removal, UNITED STATES FLAG AND TOUCH FOOTBALL LEAGUE also filed a copy of this Notice of Removal with the Clerk of the Circuit Court of the 1st Judicial Circuit in and for Escambia County, Florida, pursuant to 28 U.S.C. §1446(d).

12. UNITED STATES FLAG AND TOUCH FOOTBALL LEAGUE requests that the civil action filed by Plaintiff in the 1st Judicial Circuit in and for Escambia County, be removed to this Honorable Court as provided by 28 U.S.C. §1441 *et seq.* and that this Honorable Court accept subject matter jurisdiction over this action.

13. Pursuant to 28 U.S.C. § 1446, UNITED STATES FLAG AND TOUCH FOOTBALL LEAGUE is the only defendant and thus no other consent is necessary.

14. **Notice of Non-waiver of Challenge to Venue**.

Notice is hereby given that Defendant, in removing this lawsuit to the United States District Court for the Northern District of Florida, in no way waives its right to file an appropriate motion challenging venue. The filing of this Notice of Removal shall in no way be deemed a waiver of Defendant's challenge to venue.

CASE NO.:

WHEREFORE, Defendant, UNITED STATES FLAG AND TOUCH FOOTBALL LEAGUE, prays that the civil action filed by Plaintiff be removed to this Honorable Court as provided by 28 U.S.C. §1441 *et seq*.

Respectfully submitted,

_____
Millard L. Fretland, Esquire
FLORIDA BAR NO.: **371671**
e-mail address: MFretland@conroysimberg.com

### CERTIFICATE OF SERVICE

I hereby certify that on this the 10th day of March, 2009, I hand delivered the foregoing with the Clerk of the Court. I further certify that I mailed the foregoing document by first-class mail to the following: Troy A. Rafferty, Esquire, Levin, Papantonio, Thomas, Mitchell, Echsner & Proctor, P.A., Post Office Box 12308, Pensacola, FL 32591.

CONROY, SIMBERG, GANON, KREVANS, ABEL,
LURVEY, MORROW & SCHEFER, P.A.
125 W. Romana Street, Suite 150
Pensacola, FL 32502
(850) 436-6605
(850) 436-2102

By: _____
Millard L. Fretland, Esquire
FLORIDA BAR NO. **371671**
e-mail address: MFretland@conroysimberg.com

MLF/rxr
/2P13128.WPD/09.0310

Feb. 18. 2009 11:24AM     No. 8288  P.2

# IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT,
# IN AND FOR ESCAMBIA COUNTY, FLORIDA

SEAN S FERRARA, et al.
    Plaintiff(s),

2009 FEB 17 AM 9:25

VS.        Case No.  2009 CA 000225
          Division:  D

UNITED STATES FLAG AND TOUCH FOOTBALL LEAGUE
    Defendant(s).

Original

**SUMMONS**

THE STATE OF FLORIDA:

To Each Sheriff of the State:

    YOU ARE COMMANDED to serve this summons and a copy of the complaint in the above styled cause upon the defendant UNITED STATES FLAG AND TOUCH FOOTBALL LEAGUE.

    Each defendant is required to serve written defenses to said complaint on plaintiff's attorney TROY A RAFFERTY, whose address is LEVIN, PAPANTONIO, THOMAS, MITCHELL, ECHSNER, & PROCTOR, P.A., 316 S BAYLEN ST, SUITE 600, PENSACOLA, FL 32502, within 20[1] days after service of this summons upon you, exclusive of the day of service, and to file the original of said written defenses with the Clerk of this Court either before service on plaintiff's attorney or immediately thereafter. If you fail to do so, a default will be entered against you for the relief demanded in the complaint.

    WITNESS my hand and the seal of this Court on January 26, 2009.

ERNIE LEE MAGAHA, Clerk
Circuit & County Courts

By: Martha Yeager
    Deputy Clerk



---

[1] Except when suit is brought pursuant to section 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to be inserted as to it is 40 days. When suit is brought pursuant to section 768.28, Florida Statutes, the time to be inserted is 30 days.

IN THE CIRCUIT COURT IN AND FOR ESCAMBIA COUNTY, FLORIDA

SEAN S. FERRARA and KAREN M. FERRARA

    Plaintiffs,

v.

CASE NO:
DIVISION:

UNITED STATES FLAG AND TOUCH
FOOTBALL LEAGUE,

    Defendant.
_____/

## COMPLAINT

Plaintiffs SEAN S. FERRARA and KAREN FERRARA, sue Defendant, UNITED STATES FLAG AND TOUCH FOOTBALL LEAGUE, (hereinafter "USFTL") an Ohio corporation, and allege:

### FACTS COMMON TO ALL COUNTS

1. This is an action for damages that exceeds FIFTEEN THOUSAND ($15,000.00) DOLLARS.

2. Defendant, USFTL is an Ohio corporation.

3. The executive director of USFTL is Michael Cihon who may be served at 7709 Ohio Street, Mentor, Ohio 44060-4831.

4. At all times material hereto, Defendant USFTL was a foreign corporation doing business in the State of Florida, including Osceola County, Florida.

5. On or about January 18, 2008 through January 20, 2008, Defendant USFTL held a tournament, the 2007 USFTL National Touch Football Championship at Austin-Tindall Park in Osceola County, Florida.

6. The tournament was sponsored, organized, directed and otherwise sanctioned by

Defendant USFTL.

7. Plaintiff SEAN FERRARA played for the New Orleans Hitmen in a game against Defendant DOLPHINS in the 8-man eligible division of the 2007 USFTL National Touch Football Championship tournament.

8. The tournament was officiated by referees provided by the Tournament Director and subject to the USFTL Football Official's Manual.

9. Defendant USFTL advertises as "Membership Benefits" "Trained Officials at all levels of play."

10. Said officials are agents of the USFTL, which provides compensation, rules and procedures for proper officiating of USFTL sanctioned events.

11. The DC DOLPHINS, who were allowed to compete in the USFTL National Tournament, had a reputation for "cheap shots" and "dirty play" which was fostered within its own organization. This reputation was widely known by players throughout the league.

12. The Defendant USFTL knew or should have known through the exercise of reasonable care of the reputation of the DC DOLPHINS for dirty play.

13. Defendant USFTL failed to enforce its own rules and fostered a dangerous atmosphere of illegal play by tolerating and/or failing to sanction the DC DOLPHINS for their rule violations.

14. Defendant USFTL failed to report unsportsmanlike conduct of its league member DC DOLPHINS or otherwise enforce the USFTL Rules of Conduct. Instead, Defendant USFTL allowed the DC DOLPHINS to play in league sanctioned tournaments, including the National Championship tournament even though the

DC DOLPHINS' reputation for illegal play was widespread.

15. During the course of the game between the New Orleans Hitmen and DOLPHINS, SEAN FERRARA was blocked by a player for the Defendant DOLPHINS in the face in flagrant violation of Defendant USFTL's rules.

16. The offending player was overheard by others on the field at the time as saying to SEAN FERRARA "I'm going to get you." The officials refereeing the game at the time either failed or refused to penalize the DOLPHINS' player and in fact failed to properly enforce the League rules throughout play.

17. Shortly after the first confrontation, the same DOLPHINS player was penalized for unsportsmanlike conduct for another flagrant foul. He was not removed from the game by either the USFTL officials or the DOLPHINS coaching personnel.

18. Throughout the game, prior to SEAN FERRARA'S injury, complaints were made to the officials regarding the DOLPHINS' players and violations of League rules but the officials either refused or failed to enforce the rules.

19. The officials either knew or should have known the play was in violation of USFTL rules and taken steps to enforce those rules which call for ejection of players for flagrant fouls.

20. Shortly after being penalized, the same DOLPHINS player later struck Plaintiff SEAN S. FERRARA, in violation of the USFTL Rules.

21. The illegal hit immediately injured Plaintiff SEAN S. FERRARA and caused extensive paralysis, pain, disability and mental anguish. Such injuries are permanent in nature and ongoing.

## Count I

### Negligence (USFTL)

22. Plaintiffs re-allege paragraphs 1-21.

23. Having voluntarily undertaken the duty to enforce and execute the rules promulgated under the USFTL, Defendant USFTL owed a duty to Plaintiff SEAN FERRARA to reasonably execute such rules.

24. Defendant USFTL failed to reasonably enforce the its owns rules promulgated and approved by the USFTL and, as noted in the USFTL Mission Statement, ostensibly for the purpose of "making the game safe and enjoyable for everyone" by allowing a team with a reputation for dirty play and cheap shots to participate in its National Championship tournament.

25. Having voluntarily undertaken the duty to hold, officiate and otherwise sanction a National Tournament and allowed the DC DOLPHINS to participate in the tournament, Defendant USFTL knew or should have known through the widespread reputation of the DC DOLPHINS that illegal play would likely occur.

26. When such illegal play occurred and the DC DOLPHINS player committed a flagrant violation of USFTL rules, the USFTL failed to act reasonably by enforcing its rules and ejecting the player. The USFTL allowed the game to get out of control.

27. Defendant USFTL's failure to enforce the rules of the league led directly and proximately to Plaintiff SEAN FERRARA'S bodily injury resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and

treatment, loss of earnings, loss of ability to earn money and aggravation of previously existing conditions. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

## Count II

### Negligent Hiring (USFTL)

28. Plaintiffs re-allege paragraphs 1-21.

29. Defendant hired, retained, compensated or otherwise and employed and directed officials as part of it's duties to Plaintiffs.

30. The officials hired, retained or otherwise employed and wholly directed by Defendant USFTL, failed neglected or refused to enforce the rules of Defendant USFTL, directly and proximately leading to Plaintiff SEAN FERRARA'S bodily injury resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and aggravation of previously existing conditions. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

### Count III Loss of Consortium

31. Plaintiff KAREN M. FERRARA re-alleges paragraphs 1-21.

32. At all times material, Plaintiff, KAREN M. FERRARA, was married to Plaintiff, SEAN S. FERRARA. Plaintiff, KAREN M. FERRARA has lost the comfort, society, and services of her husband, SEAN S. FERRARA. Her losses are permanent and continuing in nature.

WHEREFORE, Plaintiffs demand judgment against Defendant, USFTL for damages and a trial by jury of all issues so triable.

　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　TROY A. RAFFERTY, ESQUIRE
　　　　　　　　　　　　　　　　　　　　　　Florida Bar Number: 024120
　　　　　　　　　　　　　　　　　　　　　　WM. JEMISON MIMS, JR., ESQUIRE
　　　　　　　　　　　　　　　　　　　　　　Florida Bar Number: 0070210
　　　　　　　　　　　　　　　　　　　　　　Levin, Pappantonio, Thomas, Mitchell,
　　　　　　　　　　　　　　　　　　　　　　　Eschner, & Proctor
　　　　　　　　　　　　　　　　　　　　　　316 South Baylen Street, Suite 600
　　　　　　　　　　　　　　　　　　　　　　Post Office Box 12308 (32581)
　　　　　　　　　　　　　　　　　　　　　　Pensacola, FL 32501
　　　　　　　　　　　　　　　　　　　　　　Telephone: (850) 435-7062
　　　　　　　　　　　　　　　　　　　　　　ATTORNEYS FOR PLAINTIFFS