092088

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

SEAN S. FERRARA and KAREN FERRARA,

  Plaintiff,

v.   CASE NO. 3:09cv94/MCR/MD

UNITED STATES FLAG AND
TOUCH FOOTBALL LEAGUE,

  Defendant.
_____/

**DEFENDANT'S MOTION TO TRANSFER VENUE AND
INCORPORATED MEMORANDUM OF LAW IN SUPPORT**

Defendant United States Flag and Touch Football League ("USFTL"), by and through its undersigned counsel, pursuant to 28 U.S.C. § 1404(a), hereby moves to transfer venue of this action to the United States District Court for the Middle District of Florida.

**I.   INTRODUCTION**

There is no question that this case could have, and should have, originally been brought in the Middle District of Florida, pursuant to 28 U.S.C. § 1391(a), because the alleged events giving rise to the causes of action asserted in this lawsuit occurred

1

within the Middle District. Further, because the events involved in this action took place in the Middle District, a number of the primary witnesses and material evidence relating to this dispute are located in there. There is no connection whatsoever to the Northern District of Florida; neither Plaintiffs, nor USFTL are residents of the Northern District, and none of the events at issue occurred in the Northern District. Thus, the Middle District presents a more convenient and efficient venue in which to try this action, and transferring this case thereto will serve the fundamental purpose of Section 1404(a), which is to avoid unnecessary inconvenience and expense by allowing for just and efficient resolution of disputes. Moreover, it is in the public interest to have this dispute tried in the Middle District of Florida, rather than in this district, which lacks any connection to the events in dispute and/or the parties to this action.

For the reasons set forth herein, USFTL respectfully submits that this action should be transferred to the Middle District of Florida, where it should have originally been brought, pursuant to 28 U.S.C. § 1404(a).

## II.    STATEMENT OF THE FACTS

This lawsuit arises from a football tournament, which took place in January 2008, at Austin-Tindall Park in Osceola County, Florida. (Compl. ¶ 4.) This action was originally brought by Plaintiffs Sean S. Ferrara and Karen Ferrara (collectively

"Plaintiffs"), on or about January 20, 2009, in the Circuit Court of the 1st Judicial Circuit in and for Escambia County, Florida. Upon information and belief, Plaintiffs are and were, at all times material, citizens and residents of the State of Louisiana. USFTL is and was, at all times material, a foreign company organized and existing under the laws of the State of Ohio, with its principal place of business in Ohio. (Compl. ¶ 2.) According to Plaintiffs' Complaint, USFTL sponsored, organized, directed and otherwise sanctioned the football tournament. (Compl. ¶ 6.) Plaintiff, Sean Ferrara, participated in the football tournament as a player for the New Orleans Hitmen. (Compl. ¶ 7.) During the game between the New Orleans Hitment and the DC Dolphins, Plaintiff, Sean Ferrara, was blocked in the face by a DC Dolphins player, in violation of the USFTL league rules. (Compl. ¶ 15.) Shortly after being penalized, the same player again struck Plaintiff, Sean Ferrara, which caused him to suffer extensive paralysis, pain, disability and mental anguish. (Compl. ¶¶ 20-21.)

Plaintiffs' Complaint asserts three (3) causes of action against USFTL arising from the alleged events occurring during the football tournament, including the following: (1) Count I asserts a cause of action for Negligence against USFTL based upon USFTL'S alleged failure to enforce its own league rules, which caused Sean Ferrara to suffer the injury alleged; (2) Count II asserts a cause of action for Negligent Hiring against USFTL, asserting therein that USFTL negligently hired employees who

failed, neglected or refused to enforce the league rules, which caused Sean Ferrara to suffer the injury alleged; and (3) Count III asserts a claim for Loss of Consortium on behalf of Plaintiff, Karen Ferrara.

Plaintiffs filed their Complaint in Escambia County, Florida, despite that venue there was improper. In lieu of challenging Plaintiffs' improper choice of venue, and without waiving its right to do so, USFTL removed this action to this Court pursuant to 28 U.S.C. § 1446(b), because it is a suit between citizens of different states and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest, costs, and attorney's fees. [DE 1.] USFTL now seeks to transfer this case to the United States District Court for the Middle District of Florida, pursuant to 28 U.S.C. § 1404(a), where it should have originally been brought.

## III.   MEMORANDUM OF LAW

### A.   This Action Should Have Been Brought in the Middle District of Florida

There is no question that this case could have, and should have, originally been brought in the Middle District of Florida, where the entirety of the events giving rise to Plaintiffs' causes of action occurred. Because diversity is the sole basis for federal jurisdiction, venue is proper in the Middle District under 28 U.S.C. § 1391(a). *See* 28 U.S.C. § 1391(a) ("A civil action wherein jurisdiction is founded only on diversity of citizenship may; except as otherwise provided by law, be brought in . . . (2) a judicial

district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ."). In fact, under 28 U.S.C. § 1391(a), which applies to cases where federal jurisdiction is based solely on diversity, the Middle District of Florida is the *only* district in which this action could have been brought. There is no connection to the Northern District of Florida; neither Plaintiffs, nor USFTL, reside in the Northern District, and none of the events at issue occurred in the Northern District. Accordingly, the Middle District of Florida is the only proper venue under 28 U.S.C. § 1391(a), and this action should have originally been brought there.

Moreover, there is no basis whatsoever for venue in this district, and Plaintiffs' improper choice of state court venue should not now serve to permit this case to proceed in a court where venue would otherwise be deemed improper. As such, USFTL seeks to transfer venue of this action to the Middle District of Florida, which presents not only a proper venue, but one where a number of the primary witnesses and documents involved are located. Transfer to the Middle District will serve the fundamental objective of § 1404(a): "to have federal civil suits tried in the federal system at the place called for in the particular case by considerations of convenience and justice." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964).

**B.      Legal Standards Governing Transfer Under 28 U.S.C. § 1404(a)**

28 U.S.C. § 1404(a) states, "For the convenience of parties and witnesses, in

the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The Supreme Court explained, "The idea behind § 1404(a) is that where a 'civil action' to vindicate a wrong--however brought in a court--presents issues and requires witnesses that make one District Court more convenient than another, the trial judge can, after findings, transfer the whole action to the more convenient court." *Continental Grain Co. v. The FBL-585*, 364 U.S. 19, 26 (1960) (affirming transfer). The Supreme Court subsequently elaborated on the policy behind § 1404(a), explaining that it is meant to ensure that cases are tried in the appropriate district based on considerations of convenience and justice, and to prevent waste of time, energy, and money:

> Section 1404(a) reflects an increased desire to have federal civil suits tried in the federal system at the place called for in the particular case by considerations of convenience and justice. Thus, as the Court recognized in *Continental Grain* ..., the purpose of the section is to prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense * * *.'

*Van Dusen*, 376 U.S. at 616 (reversing denial of motion to transfer); *see also Thermal Techs., Inc. v. Dade Serv. Corp.*, 282 F. Supp. 2d 1373, 1375 (S.D. Fla. 2003) ("Congress has authorized the court to transfer the venue of a case in order to avoid unnecessary inconvenience to the litigants, witnesses and the public, and to conserve time, energy and money.").

In making this determination, there is no single dispositive factor. Rather, the Court must generally consider the following factors: (1) the convenience of witnesses; (2) the location of relevant documentary evidence and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative financial means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and lastly, (9) trial efficiency and the interests of justice, based on a totality of the circumstances. *See, e.g., Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n. 1 (11th Cir.2005); *Summers-Wood L.P. v. Wolf*, 2008 WL 2229529 (N.D. Fla., May 23, 2008). The decision to transfer a case under Section 1404(a) "is left to the sound discretion of the trial court." *See Brown v. Connecticut Gen. Life Ins. Co.*, 934 F.2d 1193, 1197 (11th Cir.1991); *see also Culp v. Gainsco, Inc.*, No. 0320854CIV, 2004 WL 2300426 at *4 (S.D. Fla. Oct. 1, 2004) ("A district court has wide discretion to determine whether to transfer for the convenience of the parties and in the interests of justice.").

While a plaintiff's chosen forum receives some deference, it receives less deference where it is not the plaintiff's home forum. *See Thermal Techs., Inc. v. Dade Serv. Corp.*, 282 F. Supp. 2d 1373, 1375-76 (S.D. Fla. 2003) ("Plaintiffs' chosen forum will receive less deference because Plaintiffs have selected a forum which is

not their home forum ...."); *Culp*, 2004 WL 2300426 at *4 ("Plaintiff's chosen venue, however, receives less deference when a plaintiff selects a forum which is not his home forum."). The plaintiff's choice of forum also receives less deference where the operative facts underlying the plaintiff's causes of action did not occur in the plaintiff's chosen forum. *See Moghaddam v. Dunkin Donuts, Inc.*, No. 02-60045-CIV-ZLOCH, 2002 WL 1940724 at *3 (S.D. Fla. Aug. 13, 2002) ("The Court further notes that a plaintiff's choice of forum will be afforded less deference when the operative facts underlying the action occurred outside the district chosen by the plaintiff."); *Windmere, Corp. v. Remington Prods., Inc.*, 617 F. Supp. 8, 10 (S.D. Fla. 1985) ("where the operative facts underlying the cause of action did not occur within the forum chosen by the Plaintiff, the choice of forum is entitled to less consideration").

### 1.   The Relevant Factors Collectively Favor Transfer

Not only is the Middle District the only proper venue in which this case may be tried, but it will also be more convenient and efficient for both parties. Neither of the parties to this action reside in Florida, and, thus, both will be required to travel to Florida to participate in the litigation in any Florida venue. The fact that Plaintiffs sued USFTL in Escambia County, requiring USFTL to remove to this Court, is entitled to little deference, in light of the fact that neither of the parties reside in

Escambia County or in the Northern District of Florida. *See Thermal Techs.*, 282 F. Supp. 2d at 1375-76 ("Plaintiffs' chosen forum will receive less deference because Plaintiffs have selected a forum which is not their home forum ....") (granting transfer); *Culp*, 2004 WL 2300426 at *4 ("Plaintiff's chosen venue, however, receives less deference when a plaintiff selects a forum which is not his home forum.") (granting transfer). Plaintiff's forum selection should receive even less deference since the Middle District is not only more convenient for the parties, but it is also the forum where the operative facts underlying this case occurred. *See Moghaddam*, 2002 WL 1940724 at *3 ("The Court further notes that a plaintiff's choice of forum will be afforded less deference when the operative facts underlying the action occurred outside the district chosen by the plaintiff.") (granting transfer); *Windmere*, 617 F. Supp. at 10 ("where the operative facts underlying the cause of action did not occur within the forum chosen by the Plaintiff, the choice of forum is entitled to less consideration") (granting transfer).

The convenience of the witnesses has been viewed as one of the most important factors in determining whether to transfer an action under § 1404(a). *See Moghaddam*, 2002 WL 1940724 at *3 ("The convenience of the witnesses, however, is 'a primary, if not the most important, factor in passing on a motion to transfer under § 1404(a)."). This factor heavily favors transfer of this action because the Middle

District will be far more convenient for a number of the necessary witnesses, since the parties will have multiple fact witnesses for depositions and trial. USFTL will need to present the testimony of emergency room witnesses and paramedics treating Sean Ferrara on the date of his injury, as well as local police witnesses. All such witnesses are located in the Middle District, where the alleged events giving rise to Plaintiffs' causes of action occurred. Thus, it will be far more convenient for these multiple fact witnesses to attend trial in the Middle District of Florida, where they all reside.

The fact that these necessary witnesses are located in the Middle District supports transfer. *See, e.g., Jewelmasters*, 840 F. Supp. at 895 (finding that the fact that a number of the necessary witnesses who had knowledge of the events relating to the cause of action at issue were located in the proposed transferee district was a "particularly compelling" factor supporting transfer.) Further, there are no necessary witnesses who are located in the Northern District of Florida, which also supports transfer. *See Thermal Techs.*, 282 F. Supp. 2d at 1377; *Paco Tankers, Inc. v. Atlantic Land & Improvement, Co.*, 108 F. Supp. 406 (N.D. Fla. 1952) (granting transfer where neither party carried on any business in the Northern District of Florida).

Additionally, the material sources of proof in this case are more readily available in the Middle District of Florida, which further supports transfer. *See Thermal Techs.*, 282 F. Supp. 2d at 1377-78 (granting transfer from the Southern

10

District of Florida to the Middle District because it would be more convenient to have the original documents within one-hour driving distance than a five-hour driving drive away). The police reports, emergency medical records, and paramedic records will be very important sources of proof in this case, all of which are located in the Middle District, where the events giving rise to Plaintiffs' causes of action occurred.

Finally, it is in the public interest and the interest of justice to transfer this case to the Middle District of Florida, where the entirety of the events giving rise to Plaintiffs' cause of action occurred, and, as such, has a much stronger interest in trying this dispute. *See id.*, at 1379 (granting transfer to the district where the bulk of the infringing activity occurred in part because this district had "a stronger interest" in trying the dispute). *All* of the acts at issue in this case, occurred in the Middle District, and there is absolutely no connection to the Northern District of Florida. In sum, transferring this case to the Middle District will serve the fundamental objective of § 1404(a): "to have federal civil suits tried in the federal system at the place called for in the particular case by considerations of convenience and justice." *Van Dusen*, 376 U.S. at 616.

## IV. CONCLUSION

For the foregoing reasons, USFTL respectfully submits that its motion to transfer this action to the Middle District of Florida should be granted.

WHEREFORE, Defendant, USFTL, respectfully requests that this Court enter an Order: (a) transferring venue of this action to the Middle District of Florida; and (b) granting any and all further relief the Court deems equitable and just.

Dated: March 17, 2009

>Respectfully submitted,
>
>CONROY, SIMBERG, GANON, KREVANS,
>ABEL, LURVEY, MORROW & SCHEFER, P.A.
>125 W. Romana Street, Suite 150
>Pensacola, FL 32502
>Tel (850) 436-6605
>Fax (850) 436-2102
>
>By: /s/ Millard L. Fretland
>    Millard L. Fretland, Esquire
>    FLORIDA BAR NO.: 371671
>    e-mail: mfretland@conroysimberg.com
>    *Counsel for Defendant, USFTL*

12

## **LOCAL RULE 7.1(B) CERTIFICATION**

Counsel for USFTL, Millard Fretland, Esquire, conferred with counsel for Plaintiffs, Troy A. Rafferty, Esquire, in a good faith effort to resolve the transfer issue raised in the instant Motion and has been unable to do so.

Dated: March 17, 2009

/s/ Millard L. Fretland
Millard L. Fretland, Esquire
FLORIDA BAR NO.: 371671
e-mail address: mfretland@conroysimberg.com
*Counsel for Defendant, USFTL*

## CERTIFICATE OF SERVICE

I hereby certify that on March 17, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to the following: Troy A. Rafferty, Esquire, Levin, Papantonio, Thomas, Mitchell, Echsner & Proctor, P.A., Post Office Box 12308, Pensacola, FL 32591.

        CONROY, SIMBERG, GANON, KREVANS, ABEL, LURVEY, MORROW & SCHEFER, P.A.
        125 W. Romana Street
        Suite 150
        Pensacola, FL 32502
        Tel (850) 436-6605
        Fax (850) 436-2102

        By: /s/ Millard L. Fretland
            Millard L. Fretland, Esquire
            FLORIDA BAR NO.: 371671
            e-mail address: mfretland@conroysimberg.com
            *Counsel for Defendant, USFTL*