UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CASE NO. 3:09cv94/MCR/MD
MAGISTRATE:

SEAN S. FERRARA and KAREN
FERRARA,

  Plaintiffs,

v.

UNITED STATES FLAG AND
TOUCH FOOTBALL LEAGUE,

  Defendant.

_____/

## PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO TRANSFER AND INCORPORATED MEMORANDUM OF LAW

Plaintiffs, Sean S. Ferrara and Karen Ferrara, ("FERRARA"), by and through the undersigned attorneys, hereby respond to Defendant United States Flag and Touch Football League's ("USFTL") Motion to Transfer Venue. In support of denial of the Motion, Plaintiffs assert the following:

**I.    INTRODUCTION**

Defendant asserts this case more properly belongs in the Middle District of Florida because "the events involved in this action took place in the Middle District, a number of the primary witnesses and material evidence relating to this dispute are located in there." (Defendant's Motion to Transfer Venue, p.2.) However, the Middle District is only accidentally involved in this case. The Defendant is an Ohio corporation, the teams involved were from the District of Columbia (D.C. Dolphins) and New Orleans, Louisiana, (New Orleans Hitmen), and

the Plaintiffs are residents of Louisiana. The nexus between the Middle District and the instant case is purely happenstance, and as such should not be persuasive in transferring venue. Likewise, the Defendant's argument that witnesses and material are more readily available in the Middle District of Florida is not only unpersuasive, it is incorrect. The witnesses largely come from the respective teammates of the two teams, none of whom are located in the Middle District. Defendant describes emergency room witnesses, paramedics, and local police being located in the Middle District and concludes their location makes it far more convenient for these multiple fact witnesses to attend trial in the Middle District of Florida. This assumption conveniently overlooks the Plaintiffs' treating doctors who have been far more involved than the initial emergency responders. These doctors are located in Louisiana, and attendance at trial in the Middle District of Florida represents an extreme inconvenience for these witnesses and a burdensome expense for the Plaintiffs.

The material Defendant refers to in arguing for the Middle District of Florida is confined to police reports, emergency room records and paramedic records, all of which the Defendant describes as very important sources of proof. Defendant fails to include the extremely important materials documenting the Plaintiffs' medical treatment for over the past year, all of which have been generated outside the Middle District of Florida. Defendant's own reasoning supports keeping the venue in the Northern District of Florida, where reports and records of the Plaintiffs' treating physicians will be closer than the Middle District of Florida. If Defendant's argument that convenience of the witnesses is the primary, if not the most important factor in deciding a venue transfer request, then consideration must be given to the extensive records generated by the Plaintiffs' caregivers outside the Middle District of Florida.

Public interest is also cited by the Defendant as argument for transfer. However, the

USFTL promotes games throughout the United States; the residents of the Northern District of Florida have as much interest in this dispute as any residents of the Middle District of Florida. In any event, the public interest should not come at the inconvenience of the Plaintiffs and public interest as well as the interest of justice is best served by assuring Plaintiffs access to courts.

For the reasons set forth herein, the Plaintiffs respectfully request the Defendant's Motion to Transfer Venue be Denied.

## II.   STATEMENT OF THE FACTS

Plaintiff, Sean Ferrara suffered severe injuries while participating in a tournament sponsored and directed by Defendant USFTL in Osceola County, Florida in January, 2008. Through his attorneys, a three count Complaint was filed in the Escambia County Circuit Court on January 20, 2009, alleging Negligence, Negligent Hiring and Loss of Consortium against the Defendant, USFTL.

Rather than contest venue of the Complaint in Circuit Court, the Defendant removed the action to this Court pursuant to 28 U.S.C. § 1446(b).  The Defendant then filed the pending Motion to Transfer Venue on or about March 17, 2009.

## III.   MEMORANDUM OF LAW

### A.   Defendant Has Not Met the Burden to Show Transfer Would Be Appropriate

Defendant never contested Plaintiff's initial complaint in the Circuit Court of Escambia County.  Instead, USFTL removed the case to the Northern District of Florida.  Now, in asserting venue should be transferred, USFTL notes that the case could not have been brought in the Northern District of Florida.  However, "as a matter of law, § 1441(a) establishes federal venue in the district where the state action was pending, and it is immaterial that venue was improper under state law when the action was originally filed." Hollis v. Florida State University, 259

F.3d 1295, 1300 (11th Cir. 2001). As the Eleventh Circuit noted in Hollis, "This does not mean that a defendant in a removed action is left without options if it believes that the case can be better litigated and tried in another division or district. As did FSU, a defendant can seek transfer under §1404(a)." Id. Having established federal venue through the removal, USFTL must be held to the standard under 28 U.S.C. §1404(a) for transfer of venue.

28 U.S.C. § 1404(a) provides that "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other division or district where it might have been brought." As noted in the Statement of Facts, it was the Notice of Removal filed by USFTL which brought the dispute to the Northern District of Florida. In considering a transfer, the "Defendant here, as movant, has the burden of persuading this Court that the transfer is appropriate and should be granted." Thermal Technologies v. Dade Service Corporation, 282 F.Supp 2d 1373, 1375 (S.D.Fla. 2003). Plaintiffs, for reasons below, assert that the burden has not been met and that venue should remain in the Northern District of Florida.

Defendant lists three reasons as justification for change of venue to the Middle District of Florida: convenience of parties and potential witnesses, more readily available material sources of proof, and public interest/interest of justice. Defendant's argument however, supposes a static case in which the Plaintiff only received initial emergent care and all the witnesses are or were residents of the Middle District of Florida. Once a more realistic view of the circumstances of the case is appreciated, the convenience factor argues in favor of the Northern District of Florida.

      **B.    Convenience of Witnesses and Parties is Better Accommodated in the Northern District of Florida.**

The Plaintiff lives in Meraux, LA. He is a wheelchair bound quadriplegic. He cannot drive himself and extensive driving is detrimental to his health as he cannot, by himself, change his position. He participates in regular Occupational and Physical Therapy sessions in his local

area. Travel to the Middle District of Florida rather than the Northern District of Florida represents additional time and additional expense as well as additional time and distance away from medical providers. The Defendant is an Ohio corporation. Defendant admits that both parties will be required to travel to Florida for litigation. Arguably, the Northern District is closer for the Defendant as well as the Plaintiff and, while not the sole factor in the calculus of convenience, certainly must be a prominent factor. Defendant cites Moghaddam v. Dunkin Donuts, Inc., No. 02-60045-CIV-ZLOCH, 2002 WL 1940724 (S.D. Fla. 2002) for the proposition that Plaintiff's choice of forum outside where the operative underlying facts occurred receives less deference, however, the Moghaddam case was a class action. In the other case cited by Defendant, the court observed that "where the operative facts underlying the cause of action did not occur within the forum chosen by the Plaintiff, the choice of forum is entitled less consideration." Windmere Corp. v.Remington Products, Inc., 617 F.Supp. 8, 10 (S.D. Fla. 1985). While Plaintiffs understand that their convenience does not deserve absolute deference, it does warrant some consideration. Moreover, no argument has been put forward by the Defendant (other than the convenience of the initial responding witnesses) which demonstrates anything other than the Northern District of Florida being more convenient for both parties. Geographically, the Northern District is closer to both the Defendant and the Plaintiffs.

As noted, the Defendant argues that the Middle District of Florida is a more convenient forum because of the convenience of the witnesses. Unfortunately, the Defendant only considers those witnesses which it can trace to the Middle District of Florida. In fact, the Plaintiff's teammates are by and large from Louisiana; the opposite team is from the District of Columbia, and the Plaintiff's treating doctors are located in Louisiana. While emergent care providers are (or were–Defendant did not specifically note any witnesses still in the Middle District of Florida)

from the Middle District of Florida, their participation in Plaintiff Sean Ferrara's care is much less involved compared to his current medical providers, who, one year after the accident in question, continue to administer necessary medical care. In short, with the exception of peripherally involved first responders, the Northern District of Florida is a more convenient forum for all witnesses and parties.

Defendant also argues that venue transfer is appropriate because documents involved in the case are located in the Middle District. Although Defendant fails to identify any documents, for purposes of argument it is assumed these are limited to the medical records of the emergency/police responders. While these documents are important, they are no more important than the substantially more involved medical reports of the Plaintiff's medical providers over the past year. Any other documents would either be in the possession of the Defendant in Ohio or the Plaintiff in Louisiana, neither of which warrant the case being sent to the Middle District of Florida.

   **C.**  **Pubic Interest is Served When a Plaintiff Has Access To the Courts.**

Lastly, in support for transfer of venue, the Defendant argues that it is in the public interest and in the interest of justice that this case be tried in the Middle District of Florida, "where the entirety of the events giving rise to Plaintiff's cause of action occurred..." (Defendant's Motion to Transfer Venue, p.11). This assertion ignores the Plaintiffs' Complaint, which alleges the Defendant provided the officials of the USFTL "compensation, rules and procedures for proper officiating of USFTL sanctioned events." (Compl.¶10) and that the Defendant Negligently "hired, retained, compensated or otherwise employed and directed officials as part of it's duties to Plaintiffs." (Compl.¶29). The allegations are not limited to a tournament at Austin-Tindall Park in Osceola County Florida but rather allege a pattern of

negligence which began long before the accident in question.

Additionally, while the Defendant argues that the public interest and the interests of justice argue for the Middle District of Florida, the more reasonable argument is that public interest and the interests of justice are served with the efficient administration of justice. If the Northern District of Florida offers a more convenient forum to try the issues, if the witnesses are closer to a North Florida Court than a central Florida Court, if the documents and records memorializing the Plaintiff's injuries are closer to a North Florida Court, it would appear this is the more efficient forum for the case. The public interest should not be viewed in a vengeful manner ( the citizens of the Middle District of Florida have an interest in deciding theses issues because the accident occurred within their geographic confines) but rather in a manner which assures access to a court with the least amount of disruption for all parties and witnesses involved. When the administration of justice becomes laborious through additional travel time to an accident site of pure happenstance, as would be the case for the Louisiana witnesses and the Plaintiffs, then neither the public interest nor the interest of justice are well served.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiffs assert the Defendant has not met its burden to persuade this court that transfer is appropriate and therefore Plaintiffs respectfully request Defendant's Motion to Transfer Venue be denied.

Respectfully submitted,

s/Troy A. Rafferty
Troy A. Rafferty
Florida Bar No.:  024120
Email Address: trafferty@levinlaw.com
Wm. Jemison Jr.
Florida Bar No.: 0070210
Email Address: jmims@levinlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on March 27, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to the following: Millard L. Fretland, Esquire, Conroy, Simberg, Ganon, Krevans, Abel, Lurvey, Morrow, & Schefer, P.A.

Levin, Papantonio, Thomas, Mitchell,
   Eschner, & Proctor, P.A.
Troy A. Rafferty, Esquire
Wm. Jemison Mims, Jr., Esquire
Attorneys for Plaintiff
Levin, Papantonio, Thomas, Mitchell,
   Eschner, & Proctor
316 South Baylen Street, Suite 600
Post Office Box 12308 (32581)
Pensacola, FL 32501
Telephone: (850) 435-7062


By:   s/Troy A. Rafferty
        Troy A. Rafferty
        Florida Bar No.: 024120
        Email Address: trafferty@levinlaw.com
        Wm. Jemison Jr.
        Florida Bar No.: 0070210
        Email Address: jmims@levinlaw.com