# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

SEAN S. FERRARA and
KAREN FERRARA,

    Plaintiffs,

vs.                                    CASE NO.: 3:09cv94/MCR/MD

UNITED STATES FLAG AND
TOUCH FOOTBALL LEAGUE,

    Defendant.
_____/

## O R D E R

    This matter is before the court on defendant's Motion to Transfer Venue.  (Doc. 4). Plaintiff opposes transfer. (Doc. 7).

    Federal law requires a civil action to be brought in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, . . . or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(a).  Pursuant to 28 U.S.C. § 1404(a), for the convenience of the parties and witnesses, in the interest of justice the district court may transfer a civil action to any other district where the action might have been brought. 28 U.S.C. § 1404(a).  S*ee generally Van Dusen v. Barrack*, 376 U.S. 612, 616, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964) (holding that the purpose of Section 1404(a) is "to prevent the waste  of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense") (citations omitted); *Brown v. Conn. Gen. Life Ins. Co.*, 934 F.2d 1193, 1197 (11th Cir. 1991).  In deciding whether transfer of venue is appropriate

under § 1404(a), courts should conduct a balancing of private and public factors. *Mason v. Smithkline Beecham Clinical Laboratories*, 146 F.Supp.2d 1355, 1359 (S.D.Fla. 2001); *Miot v. Kechijian*, 830 F.Supp. 1460, 1465-66 (S.D.Fla. 1993).  Factors which may be considered in determining whether transfer is appropriate include: the convenience of witnesses; the location of relevant documentary evidence and the relative ease of access to sources of proof; the convenience of the parties; the locus of operative facts; the availability of process to compel the attendance of unwilling witnesses; the relative financial means of the parties; a forum's familiarity with the governing law;  the weight accorded a plaintiff's choice of forum; and trial efficiency and the interest of justice, based on a totality of the circumstances. *See Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135  n.1 (11th Cir. 2005); *Summers-Wood, L.P., v. Wolf*, 2008 WL 229529 at *2; *Thermal Techs., Inc. v. Dade Serv. Corp.*, 282 F.Supp.2d 1373, 1376 (S.D.Fla. 2003) (citing *Van Dusen,* 376 U.S. at 616). The moving party bears the burden of establishing that a transfer of venue is warranted.  The decision to transfer an action is left to the "sound discretion of the district court and [is] reviewable only for an abuse of that discretion." *Roofing & Sheeting Metal Services v. La Quinta Motor Inns*, 689 F.2d 982, 985 (11th Cir. 1982).

Taking into consideration the totality of the circumstances of this case, including the allegations in the complaint and the well presented arguments of the parties in connection with the motion, and balancing the relevant factors, the court finds that neither trial efficiency nor the interest of justice would best be served through transfer of the case to the Middle District of Florida.  Defendant's motion (doc. 4), therefore, is DENIED.

**DONE and ORDERED** this 5th day of May, 2009.

*s/ M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**