**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

| | |
|---|---|
| **SEAN S. FERRARA** and<br>**KAREN FERRARA,** | |
| **Plaintiffs,** | **CASE NO. 3:09-cv-94/MCR/MD** |
| **v.** | **JUDGE RODGERS** |
| **UNITED STATES FLAG AND**<br>**TOUCH FOOTBALL LEAGUE,** | **MAGISTRATE JUDGE DAVIS** |
| **Defendant.** | |

**PLAINTIFFS' CONSENT MOTION FOR LEAVE**
**TO FILE A REPLY MEMORANDUM**

Plaintiffs have moved for summary judgment, and Defendant USFTL filed its

memorandum in opposition.  Plaintiffs now move the Court, under Loc. R. 7.1(C)(2), for

leave to file a reply to Defendant's memorandum.  Counsel for Plaintiffs and Defendant

have conferred, and Defendant does not oppose this motion for leave.

There is good cause to grant this motion because a reply memorandum would aid

the Court in deciding the motion for summary judgment, and because Defendant's

memorandum requests affirmative relief and raises case law that is inapplicable to the

case at bar.  In support, Plaintiffs state:

1.     Defendant's "Response" requests affirmative relief from the Court, and

Plaintiffs are entitled to respond in opposition.  In paragraph 10 of its "Response,"

Defendant invites the Court to enter partial summary judgment in its favor.  Plaintiffs

object to this request both procedurally and substantively.  Plaintiffs' procedural

objection arises from Defendant's failure to file a properly formed summary judgment

motion and Rule 56.1 statement; a "Response" is not an appropriate pleading in which to request affirmative relief, and without leave to file a reply, Plaintiffs will be unable to oppose the request.  A summary of Plaintiffs' substantive objection is that Defendant improperly suggests that if the Court does not rule that the "Team Roster" is an invalid release, then the Court may summarily rule—without considering any factual evidence— that the "Team Roster" *is* a valid release.  It is improper to suggest that the parties' arguments are mirror images of each other.  Whether an exculpatory clause is enforceable is a matter of contract construction, and turns on whether the contractual provision is "clear and unequivocal."  *Murphy v. Young Men's Christian Ass'n of Lake Wales, Inc.*, 974 So.2d 565, 568 (Fla. 4th DCA 2008).  Before the Court may take up Defendant's invitation "to render partial summary judgment in favor of the USFTL," the burden falls on Defendant to show that there is no material dispute of fact about the clear and unequivocal nature of the "Team Roster" and its purported release.

2.	Defendant cites *Cooper v. Meridian Yachts, Ltd.*, 575 F.3d 1151, 1166–67 (11th Cir. 2009) as controlling authority in this case.  Plaintiffs would argue that *Cooper* is inapplicable and if this Court would find that it is applicable, *Cooper* is distinguishable. A summary of Plaintiff's position is that *Cooper* is not controlling authority where this Court is sitting in diversity and thus, on matters of state law, is bound by the decisions of the Florida Supreme Court and not those of the Eleventh Circuit Court of Appeals.  The controlling law is *Univ. Plaza Shopping Center v. Stewart*, 272 So.2d 507 (Fla. 1973), the two successive Florida Supreme Court cases that have affirmed *University Plaza*, and the overwhelming majority of intermediate-level state cases that have held that express

reference to a party's own "negligence" is required to make an exculpatory clause enforceable (*see, e.g., Affolter v. Va. Key Marina*, 601 So.2d 1296, 1298 (Fla. 3d DCA 1992) (citing *University Plaza*) ("law is well settled that there must be an express provision")).

3.      Even if *Cooper* were controlling of the case at bar, it is entirely distinguishable. *Cooper*, an admiralty case, involved an action for contribution and indemnity for an accident aboard a vessel, and required resolution of complex questions centering on choice of law, statutes of limitations, the Dutch statute of repose, and the law of third-party beneficiaries. It discussed the Florida law of exculpatory clauses in less than one full page out of 31, doing so without even deciding whether this "general contract law" or the UCC would apply. *Cooper*, 575 F.3d at 1166. The analysis conducted (and thus, the guidance provided to this Court) was extremely thin.

Moreover, the clause at issue in *Cooper* was entirely distinguishable on factual and legal grounds. As the touchstone of any enforceable contract is mutual understanding and agreement between the parties, the circumstances surrounding the negotiation of the *Cooper* exculpatory clause are relevant. These circumstances dramatically contrast with those surrounding the "Team Roster" at issue here. The *Cooper* clause was negotiated by sophisticated parties who had time to bargain over its terms, and who carefully allocated future liability between them. In *Cooper*, the Eleventh Circuit recognized that an exculpatory clause must be "clear and unequivocal," *id.* at 1166–67 (citing *Murphy*). Plaintiffs expect that, if confronted with the clause at issue

3

here and under these very different circumstances, the Eleventh Circuit would find in their favor.

Plaintiffs now respectfully request and opportunity to fully address their issues and would respectfully request leave to file a reply memorandum of no more than ten pages (excluding certificate).

## CERTIFICATE OF COMPLIANCE
## WITH LOC. R. 7.1(B)

Counsel for Plaintiffs and Defendant have conferred about this motion. Defendant does not oppose the relief requested.

Respectfully submitted,


/s/Troy A. Rafferty
Troy A. Rafferty
Florida Bar No.: 24120
Wm. Jemison Mims, Jr.
Florida Bar No.: 70210
LEVIN, PAPANTONIO, THOMAS,
MITCHELL, ESCHNER, & PROCTOR, P.A.
316 South Baylen Street Suite 600
Pensacola, Florida 32502
Telephone: 850-435-7062
trafferty@levinlaw.com
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that I have served *Plaintiffs' Motion For Leave to File a Reply Memorandum* on the Defendant, United States Flag and Touch Football League, by filing a copy of this pleading in the Court's CM/ECF system, which will notify counsel for the Defendant.  I make this certification on this 15th day of February, 2010.


/s/Troy A. Rafferty
Troy A. Rafferty