# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

SEAN S. FERRARA and
KAREN M. FERRARA,

    Plaintiffs,

vs.                                            CASE NO.: 3:09cv94/MCR/MD

UNITED STATES FLAG AND
TOUCH FOOTBALL LEAGUE,

    Defendant.
_____/

## ORDER FOR PRETRIAL CONFERENCE IN A CIVIL CASE

The following pretrial schedule and procedure is established based on a trial docket date of July 12, 2010:

I.    DATES FOR COMPLIANCE WITH PRETRIAL PROCEDURES

    A.    A pretrial conference will be held on **Wednesday, July 7, 2010**, at **12:30 PM**, in Courtroom 4 North.

    B.    The attorney's conference required by paragraph II shall be held no later than **June 4, 2010**.

    C.    The pretrial stipulation and other papers required by paragraphs III and IV shall be filed no later than **June 25, 2010**.

II.    CONFERENCE OF COUNSEL

Counsel for all parties shall meet in person on or before the date specified in Paragraph I(B) for the following purposes:

    A.    To discuss the possibility of settlement or mediation;

    B.    To stipulate to as many facts and issues as possible;

    C.    To draft the pretrial stipulation in accordance with Paragraph III of this order;

      D.      To examine all exhibits proposed to be offered or used in the trial;

      E.      To furnish opposing counsel the names and addresses of all witnesses, including possible rebuttal witnesses and experts;

      F.      To discuss the question of damages, including matters of evidence and proof which either party proposes to present at trial and the applicable law;

      G.      To discuss any anticipated motions in limine; and

      H.      To complete all other matters which may expedite both the pretrial and the trial of this case.

Counsel for plaintiff shall initiate arrangements for the attorneys' conference. All attorneys, however, are charged with the duty of meeting in such conferences and of complying with the schedule set forth in this order. If the schedule is not kept by any counsel, it is the duty of other counsel to insist upon the necessary meeting or meetings to effect the pretrial stipulation, and failing to succeed to advise the court by motion seeking sanctions against any party failing or refusing to meet as directed after request.

III.      <u>PRETRIAL STIPULATION</u>

The pretrial stipulation shall contain:

      A.      The basis of federal jurisdiction;

      B.      A <u>concise</u> statement of the nature of the action to be read to the jury panel;

      C.      A brief general statement of each party's case;

      D.      A list of all exhibits to be offered at the trial, noting any objections thereto and the grounds for each objection. <u>Any objections not listed will be deemed waived</u>.

      E.      A list of the names and addresses of <u>all</u> witnesses, including rebuttal and expert, intended to be called at the trial by each party, noting any objections thereto and the grounds for the objection. <u>Any objections not listed will be deemed waived</u>. Expert witnesses shall be labeled as such;

      F.      A list of any depositions to be offered at the trial, with specific reference to the pertinent page and line to be read, noting any objections thereto and the grounds for the objection. <u>Any objections not listed will be deemed waived</u>. The deposition excerpts should be filed as an attachment to the pretrial stipulation;

  G. A concise statement of those facts which are admitted and will require no proof at trial, together with any reservations directed to such admissions;

  H. A concise statement of those issues of law upon which there is agreement;

  I. A concise statement of those issues of fact which remain to be litigated;

  J. A concise statement of those issues of law which remain for determination by the court;

  K. A concise statement of any disagreement as to the application of rules of evidence or of the Federal Rules of Civil Procedure;

  L. A list of all motions or other matters which require action by the court;

  M. A statement whether this is now a jury or a non-jury case;

  N. Counsel's respective estimates of the length of the trial; and

  O. The signature of counsel for all parties.

IV. <u>PAPERS TO BE SUBMITTED</u>

  No later than the date specified in Paragraph I(C), the parties shall file with the Clerk of the Court:

  A. The pretrial stipulation prepared in accordance with Paragraph III of this order.

  B. A trial brief or memorandum with citation of authorities and arguments in support of each side's position on all disputed issues of law, with copy to opposing counsel.

  C. In a <u>jury</u> trial, written requests for instructions to the jury, together with proposed verdict forms. The proposed instructions and verdict forms should be filed with the Clerk of the Court, with an *editable copy* (in word processing format only, not .pdf) delivered by e-mail to chambers at flnd_rodgers@flnd.uscourts.gov. With leave of court for good cause shown, supplemental requests for instructions may be submitted at any time prior to the final charge conference. Counsel are advised, however, that failure to timely submit proposed instructions will be grounds for the court to deny giving the instruction(s). All proposed instructions shall be plainly marked with the name and number of the case, shall contain citations of supporting authorities, shall designate the party submitting the same, and in the case of multiple requests by a party shall be numbered in

sequence. Requests for instructions taken verbatim from the Pattern Jury Instructions - Civil Cases issued by the U.S. Eleventh Circuit District Judges Association or from the Florida Standard Jury Instructions in Civil Cases may be made by reference; the requested instructions need not be set forth in full.

     D.    In a <u>non-jury</u> case, proposed written findings of fact and conclusions of law, or, in lieu thereof, a proposed opinion or memorandum of decision in which such proposed findings of fact and conclusions of law appear, with complete citation of authorities where appropriate (<u>See</u> Rule 52, FRCP). These materials should be filed with the Clerk of the Court, with an *editable copy* (in word processing format only, not .pdf) delivered by e-mail to chambers at flnd_rodgers@flnd.uscourts.gov.

V.    <u>CONDUCT OF THE PRETRIAL CONFERENCE</u>

     A.    Counsel who will conduct the trial are required to be present for the pretrial conference. They will be prepared to act with final authority in the resolution of all matters. Counsel will be prepared to discuss the prospects of settlement and mediation.

     B.    The court will ordinarily dispose of all outstanding motions and other matters at issue. The court will review all matters contained in the pretrial stipulation and consider any other matters which may be presented with a view towards simplifying the issues and bringing about a just, speedy and inexpensive determination of the case.

     C.    Counsel for each party in any case shall arrange with the clerk for marking for identification, as nearly as possible in the sequence proposed to be offered, all exhibits intended to be offered by such party.

VI.    <u>PRETRIAL ORDER</u>

After the pretrial order is entered by the court, the pleadings will be merged therein and the pretrial order will control the conduct of the trial and may not be amended except by order of the court in the furtherance of justice.

VII.    <u>NEWLY DISCOVERED EVIDENCE OR WITNESSES</u>

Except as provided in this paragraph, witnesses (including witnesses testifying by deposition) not timely listed in the pretrial stipulation will not be allowed to testify, and exhibits not timely listed in the pretrial stipulation will not be admitted into evidence. If any

new witness is discovered after submission of the pretrial stipulation, the party desiring to call the witness shall immediately file with the clerk and serve on all counsel notice of the witness's name and address and the substance of the witness's proposed testimony, together with the reason for the late discovery.  (This includes a witness testifying by deposition.) If any new exhibit is discovered after submission of the pretrial stipulation, the party desiring to use it shall immediately disclose the exhibit to the court and all other counsel together with the reason for late discovery.  Use of such newly-discovered witnesses or evidence shall be allowed only by order of the court entered when justice so requires.

VIII.    ADDITIONAL PRETRIAL CONFERENCE

If necessary or advisable, the court may adjourn the pretrial conference from time to time or may order additional pretrial conferences.

IX.    SPECIAL MATTERS

A.    No motion for summary judgment or other motion filed after the date of this order will be grounds for cancellation or postponement of the pretrial conference or non-compliance with any other requirement of this order. The parties will be expected to comply with this order as fully and to the same extent as though no such motion had been filed. Absent prior court approval, a motion for summary judgment not served in time to permit the party opposing the same to make its written response prior to the pretrial conference will not be heard or considered during that pretrial conference.  Parties will submit memoranda regarding any such motion to the court in accordance with N.D. Fla. Loc. R. 7.1.

B.    Motions in limine regarding evidentiary matters known to counsel should be filed in advance of the pretrial conference but in no event less than seven (7) days prior to trial.  To the extent unanticipated evidentiary matters requiring the court's attention arise after that time, counsel should make every effort to notify the court of the matter by filing the appropriate motion as soon as counsel is aware of the need for the motion.  Failure to timely file a motion in limine in accordance with this directive will be grounds for the court to deny the motion.

Case No.: 3:09cv94/MCR/MD

C.  If the case is settled, it is the responsibility of the parties to immediately notify the court. If settlement is reached after 3:00 PM (Central Time) on the Friday before jury selection Monday morning, counsel and/or the parties will jointly bear the expense of jury selection.

D.  Should a party or a party's attorney fail to appear at a pretrial conference or otherwise fail to comply with this order, a judgment of dismissal or default or other appropriate judgment may be entered, and sanctions or other appropriate relief may be imposed.

E.  Counsel, as used herein, includes any party who is appearing pro se.

F.  Any counsel seeking to invoke The Rule of Witness Sequestration must so notify the court.

G.  Counsel for each party in any case shall arrange with the deputy clerk for a tutorial on the courtroom electronic presentation system and shall advise of any electronic or technological needs at trial.

H.  Any special request for court reporter services, such as daily copy, must be submitted to the court reporter, Gwen Kesinger, at least seven (7) days prior to trial.

I.  In preparing to present this case, counsel should familiarize themselves with the requirements of the Addendum to the Local Rules of the Northern District of Florida on Customary and Traditional Conduct and Decorum in the United States District Court, which the court expects to be observed during the course of this trial.

**SO ORDERED** this 5th day of May, 2010.

*s/ M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**